People v Putland (2020 NY Slip Op 05956)





People v Putland


2020 NY Slip Op 05956


Decided on October 21, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 21, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
JOSEPH J. MALTESE
VALERIE BRATHWAITE NELSON
PAUL WOOTEN, JJ.


2018-08681

[*1]People of State of New York, respondent,
v
David G. Putland, appellant.


Michelle L. Lewin, New York, NY (Wilmer Cutler Pickering Hale and Dorr LLP [Alan E. Schoenfeld and Nicholas R. Werle], of counsel), for appellant.
William V. Grady, District Attorney, Poughkeepsie, NY (Kirsten A. Rappleyea of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from an order of the County Court, Dutchess County (Edward T. McLoughlin, J.), dated June 4, 2018, which, after a hearing, designated him a level three sexually violent offender pursuant to Correction Law article 6-C.
ORDERED that the order is affirmed, without costs or disbursements.
In 1979, the defendant, then 15 years old, sexually assaulted and murdered his eight-year-old neighbor. The defendant was prosecuted as an adult. After a jury trial, the defendant was convicted of sodomy in the first degree and murder in the second degree. The defendant was sentenced to indeterminate terms of imprisonment of 3&frac13; to 10 years on the conviction of sodomy in the first degree and 9 years to life on the conviction of murder in the second degree, the sentences to run concurrently. The defendant subsequently was granted discretionary parole release by the New York State Board of Parole. After a hearing held pursuant to the Sex Offender Registration Act (see Correction Law art 6-C; hereinafter SORA) to determine the defendant's sex offender risk level classification, the County Court classified the defendant as a level three offender upon the application of an automatic override under the SORA Guidelines because the defendant caused the death of his victim. The defendant also was designated a sexually violent offender, since he had been convicted of an offense enumerated in Correction Law § 168-a(3)(a) as an adult offender under New York law (see Correction Law § 168-d[3]; see also People v Alvarez, 166 AD3d 570, 570). On appeal, the defendant challenges his level three classification and his sexually violent offender designation on constitutional grounds, contending that, as applied to juvenile offenders like him, SORA's mandatory lifetime registration requirement constitutes cruel and unusual punishment in violation of the Eighth Amendment of the United States Constitution and article I, section 5 of the New York Constitution, and further violates his constitutional right to substantive due process. We disagree.
Legislative enactments are accorded a strong presumption of constitutionality, and "'parties challenging a duly enacted statute face the initial burden of demonstrating the statute's invalidity "beyond a reasonable doubt"'" (Overstock.com, Inc. v New York State Dept. of Taxation & Fin., 20 NY3d 586, 593, quoting LaValle v Hayden, 98 NY2d 155, 161). Here, the defendant has failed to demonstrate that, as applied to juvenile offenders who were prosecuted and convicted as [*2]adults, SORA's mandatory lifetime registration is punitive, let alone that it constitutes cruel and unusual punishment (see generally People v Gravino, 14 NY3d 546), or that it is not rationally related to a legitimate governmental purpose and therefore deprives him of substantive due process. Thus, we discern no constitutional basis for disturbing the designation of the defendant as a sexually violent offender or his classification as a level three sex offender (see generally People v Cisneros, 165 AD3d 499; People v Ortiz, 160 AD3d 442).
The parties' remaining contentions are without merit.
Accordingly, we affirm the County Court's adjudication of the defendant as a level three sexually violent offender.
MASTRO, J.P., MALTESE, BRATHWAITE NELSON and WOOTEN, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court